UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS P. FROMER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-348-DRL-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Louis P. Fromer, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-10-253) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with the loss of 180 days credit time.

Mr. Fromer argues that he is entitled to habeas relief because he had authorization to possess a utility knife for arts and crafts.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represented that he searched Mr. Fromer's cabinet and found an altered pen with a sharpened metal tip attached inside. ECF 10-1. It also includes photographs of the altered pen. ECF 10-5. The conduct report and photographs constitute some evidence that Mr. Fromer committed the offense of possessing a weapon. The hearing officer was not required to credit Mr. Fromer's statement that he was authorized to possess a utility knife; and, even if she had, an altered pen is not a utility knife. The claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Fromer argues that he is entitled to habeas relief because the correctional officer issued the conduct report in retaliation for filing grievances and lawsuits. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. Appx. 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

Mr. Fromer also argues that he is entitled to habeas relief because he did not receive a notice of confiscation form and because the correctional officer did not complete the notice of confiscation form. These arguments do not relate to the procedural safeguards for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the United States Supreme Court has indicated that this list of

requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Moreover, the mere failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this argument is not a basis for habeas relief.

In sum, Mr. Fromer has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Fromer wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Louis P. Fromer leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 1, 2022         *s/ Damon R. Leichty*
                         Judge, United States District Court